UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL J. KNIGHT,<br>    *Plaintiff*,<br><br>v.<br><br>JOHN M. ROLLERI and RYAN C. SHEPPARD,<br>    *Defendants*. | )<br>)<br>)  3:22-CV-1482 (OAW)<br>)<br>)<br>)<br>)<br>)<br>) |

## OMNIBUS ORDER

**THIS ACTION** is before the court upon Plaintiff's Application for Prejudgment Remedy ("PJR Motion"), ECF No. 3, and Plaintiff's Motion to Remand, ECF No. 15. The court has reviewed both motions, Defendants' opposition to the Motion to Remand, ECF No. 34, Plaintiff's reply in support of the Motion to Remand, ECF No. 15, and the record in this case and is thoroughly advised in the premises. The court held a motion hearing on the PJR Motion on December 13, 2022 (continuing on December 19, 2022).[1] For the reasons discussed herein, the Motion to Remand is **GRANTED** and the PJR Motion is **DENIED as moot**.

### I. BACKGROUND

Plaintiff and Defendants used to be partners at the same accounting firm. ECF No. 15 at 2. The firm's partnership agreement provided that Plaintiff would continue to be paid weekly compensation for a period of time following his retirement from the firm.[2]

---

[1] The hearing also addressed pending motions in the related case *Rolleri & Sheppard CPAS, LLP, et al., v. Knight et al.*, case no. 3:22-cv-1269 (OAW).
[2] The partnership agreement was provided to the court at the hearing.

1

Near its end, this professional relationship soured when Plaintiff withdrew funds from the firm's retirement plan; Plaintiff claims he was entitled to the funds, whereas Defendants assert it was theft. On October 11, 2022, in an action that predates the present matter, Defendants (as named in this case) filed suit against Plaintiff in federal court, *see Rolleri & Sheppard CPAS, LLP, et al., v. Knight et al.*, case no. 3:22-cv-1269 (OAW) (the "Related Action"),[3] asserting claims of theft and violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. That case remains pending. Relevant here, Defendants (in *this* case) sought a prejudgment remedy as plaintiffs in *that* action. *See* 22-cr-1269 at ECF No. 2 ¶ 5 (noting, "There are no known setoff[]s . . . to this claim.").

Separately, Plaintiff filed the instant case in state court on October 26, 2022, claiming that Defendants caused his weekly compensation to be withheld. ECF No. 1-2. Defendants removed it to federal court, *see* ECF No. 1 (Notice of Removal),[4] claiming that any money owed to Plaintiff in the *present* action should be considered a setoff to any judgment owed to Defendants in the Related Action (22-cv-1269, where Defendants are Plaintiffs), and that any claim in the present case (22-cv-1482) properly should be considered a counterclaim in the Related Action. ECF No. 1 ¶ 4 (asserting, "Defendants contend that this Complaint constitutes a counterclaim and/or set-off in the Federal case and was done to avoid defending and prosecuting the action in Federal court."). The parties have not moved to consolidate the two lawsuits.

Plaintiff now asks the court to remand this case to state court, arguing that the federal court lacks subject matter jurisdiction.

---

[3] *See Rolleri & Sheppard CPAS, LLP, et al., v. Knight et al.,* 22-cv-1269 (OAW), at ECF No. 1.
[4] For clarity, the court here references the docket of the present case, 22-cv-1482.

## II.   LEGAL STANDARD

It is axiomatic that federal courts have limited jurisdiction and must dismiss actions where subject matter jurisdiction is absent.  *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d. Cir. 2011).  The party seeking to bring a case in federal court has the burden of showing that there is federal subject matter jurisdiction.  *Cloister E., Inc. v. New York State Liquor Auth.*, 563 F. Supp. 3d 90, 102 (S.D.N.Y. 2021) (quoting *Shenandoah v. Halbritter*, 366 F.3d 89, 91 (2d Cir. 2004)).  "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."  *Read v. Nationwide Mut. Ins. Co.*, No. CIVA 306CV-00514 JCH, 2006 WL 2621652, at *1 (D. Conn. Sept. 13, 2006) (quoting *Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 274 (2d Cir.1994)).

## III.   DISCUSSION

Plaintiff asserts five claims in this action: (1) violation of Connecticut wage laws, (2) unjust enrichment, (3) civil theft, (4) unlawful entry and detainer, and (5) conversion.[5] All are predicated upon Defendants' alleged conduct in "interfering" with Plaintiff's weekly compensation.[6]

Defendants assert that these claims derive from the same set of facts as those in their pending ERISA action, because the consequences of the alleged theft from the retirement plan led to (and are directly correlated with) the claims in the present complaint.

---

[5] Plaintiff's complaint actually contains six counts, but one is a demand for interest on any damages, and not a discrete cause of action.
[6] The record also references Defendants locking Plaintiff out of the firm, but it does not appear that these actions are the predicate for any of the claims, according to the complaint.

They further assert that, in part, the compensation Plaintiff seeks to recover is for his duties relating to the retirement plan.  Ergo, Defendants argue that Plaintiff's claims raise ERISA issues, and because ERISA completely preempts state law, *see* 29 U.S.C. § 1144(a), that this matter is for the federal courts to decide.  Furthermore, they argue that remand of this case would be a waste of judicial resources and could lead to conflicting results should Plaintiff be found to have violated ERISA in one case but not the other.

### A. Setoff

"The concept of setoff allows [parties] that owe each other money to apply their mutual debts against each other, thus avoiding the absurdity of making A pay B when B in fact owes A." *Mariculture Prod. Ltd. v. Those Certain Underwriters at Lloyd's of London Individually Subscribing to Certificate No. 1395/91*, 84 Conn. App. 688, 703 (2004) (quoting *Shapero v. Mercede*, 77 Conn. App. 497, 509 (2003)).  A setoff need not arise from the claim giving rise to damages.  *Id.* (stating that a setoff may derive from a transaction independent of the one sued upon).

The court acknowledges the practical benefit of treating Plaintiff's claims for damages as a potential setoff to any judgment Defendants might garner in the Related Action, but it is for a defendant to request a setoff.  *Id.* at 704 ("Setoff may be employed *only* when a defendant requests that the court set off a judgment against a debt owed to the defendant by the plaintiff.") (emphasis added).  Moreover, any defendant requesting a setoff has the burden of showing a right thereto.  *Id.*  Though the plaintiff in this action, Mr. Knight is the defendant in the Related Action, and he has not made any request for a setoff, much less made any showing that he is entitled to such relief.  Accordingly, the

court will not grant the related case's defendant a setoff he has not sought. Thus, Defendants' first argument is unpersuasive.

### B. Counterclaim

The second argument fares no better. The Federal Rules of Civil Procedure require parties to join all related claims in the same action, with a few exceptions inapplicable here. Fed. R. Civ. Proc. 13(a). Generally, a pleading must state any counterclaim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," provided such counterclaim does not require adding a party over whom the court cannot exert jurisdiction. *Id.* The question, then, is whether Plaintiff's claims for compensation arise out of the same transaction as Defendants' ERISA claim.

The court finds that Defendants have failed to carry their burden of showing that compulsory joinder of Plaintiff's claims is warranted, and consequently, that removal is appropriate. In order for Plaintiff's claims for failure to compensate him to arise from Defendants' claims for theft and violation of ERISA, there must be some relation between the two actions. But Defendants have not alleged any connection between the two, except in conclusory terms. The court can conjecture that Defendants have concluded that they need not continue the weekly payments to Plaintiff given the accusations against him, but Defendants have cited no authority giving them any right not to pay Plaintiff, even if they are meritorious in their claims against him. There is no indication anywhere in the record that Plaintiff's compensation is contingent upon anything, including his performance as an employee or as an ERISA fiduciary. Accordingly, it does not appear, based on the current record, that Plaintiff's claims for lack of compensation arise from the same transaction or occurrence as Defendants' ERISA claims. Absent any clear

indication of how these two things are related, the court can see no basis for treating Plaintiff's claims as counterclaims in the Related Action. Further, there is no danger of inconsistent rulings in state and federal court, as Plaintiff's entitlement to his wages is apparently completely divorced from Defendants' entitlement to disgorgement of any assets taken from the firm's retirement plan.

Accordingly, the Motion to Remand is granted, and consequently, the PJR Motion is denied as moot. Plaintiff may renew the motion in state court as he wishes. The court denies Defendants' request that the state court be asked to stay this action upon remand. The state court is vested with the authority to manage its own docket. Defendants may apply there for any relief they desire.

## IV. **CONCLUSION**

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. The Motion to Remand is **GRANTED.**
    a. This action hereby is **REMANDED** to state court for lack of subject matter jurisdiction.
    b. The Clerk of Court is asked, respectfully, to remand and to close this case.
2. The Application for Prejudgment Remedy is **DENIED as moot.**

**IT IS SO ORDERED** in Hartford, Connecticut, this 20th day of September, 2023.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE